363 N.W.2d 139 (1985)
219 Neb. 271
STATE of Nebraska ex rel. NEBRASKA STATE BAR ASSOCIATION, Relator,
v.
Larry R. FRANK, Respondent.
No. 82-368.
Supreme Court of Nebraska.
February 15, 1985.
Terry C. Dougherty, Lincoln, for relator.
David L. Herzog, P.C., Omaha, for respondent.
KRIVOSHA, C.J., and BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.
PER CURIAM.
This is an original proceeding in which the Nebraska State Bar Association, relator, filed a formal showing in this court on December 29, 1983, suggesting conduct on the part of the respondent amounting to the practice of law at a time when he was under suspension as an attorney.
The prior suspension mentioned above originated with the May 21, 1982, filing of formal charges of unprofessional conduct by the relator. An order suspending the respondent from the practice of law was entered by this court on July 15, 1983. Those proceedings are found in State ex rel. NSBA v. Frank, 214 Neb. 825, 336 N.W.2d 557 (1983).
That opinion sets forth the facts supporting such suspension. Generally, respondent, in handling a decedent's estate, failed to file a timely federal estate tax return. In general, that dereliction of duty on the part of the respondent subjected the estate to penalties and interest of some $26,298.58. A settlement was made between the parties whereby the respondent was to pay the estate a total of $17,500 in installments. The record does not disclose the final disposition of that settlement.
The opinion went on to state at 829, 336 N.W.2d at 560: "However, when the respondent first realized his mistake in missing the filing date, the return was only 2 months out of time. Instead of informing his client of the error, respondent intentionally embarked upon a program of deception and misrepresentation for a period of approximately 2 years."
Another factor made much of during oral argument was the fact that respondent earlier, and on the 17th day of June 1982, had been suspended from the practice of law for failure to pay the required annual dues for the year 1982. An October 12, 1982, letter from respondent's counsel, addressed to the clerk of this court, enclosed a check in payment of those dues and a request for reinstatement. By that time, and in December of 1981, charges had been filed with the Committee on Inquiry of the Second Disciplinary District, resulting in the earlier-mentioned suspension. This court, on November 16, 1982, denied the application for reinstatement.
Counsel then filed a motion for reconsideration on November 17, 1982. For reasons which are not apparent from the record, that motion was not denied, nor the check returned, until February 4, 1983. *140 However, the fact remains that respondent, or at least his counsel of record, was fully aware of the suspension and denial of the motion for reconsideration. Additionally, the respondent himself was fully aware of that suspension. He had no information that would justify his belief that he had been reinstated, other than comments from his counsel that a check for his dues had been sent together with a request for reinstatement. He was fully aware of his continuing suspension when told by his attorney on November 17, 1982, that his request for reinstatement had been denied and that an additional pleading asking for reconsideration had been filed.
It is somewhat difficult to understand just what all of this information has to do with the present charge. However, it seemed very important to the respondent at the hearing before the referee and at oral argument in this court. Perhaps it was an attempt at demonstration of extenuating circumstances. We do not see it that way.
The present charge originated with a showing filed in this court on December 29, 1983, by the Counsel for Discipline. The showing recites the facts of the two previous suspensions. Additionally, it alleges activity on the part of the respondent amounting to the practice of law during the month of December 1983 while he was still under suspension.
The activity on the part of the respondent consisted of work done in connection with the estate of his grandfather. His uncle, Robert Bevins, a resident of Kansas, was named as the personal representative. Apparently, all that was necessary was a determination of inheritance tax. The uncle requested respondent's help.
The petition, various voluntary appearances, and the order determining and assessing inheritance tax were all prepared by the respondent. Additionally, he obtained the signatures of the county attorneys of both Boone and Washington Counties. He prepared and personally signed an affidavit of mailing notice which recites that he was the attorney for Robert Bevins. He appeared before the county judge for Washington County and obtained his approval of, and signature on, the order determining and assessing the inheritance tax.
We believe it is so obvious as to eliminate the need for the citation of authorities that a proceeding to determine an inheritance tax in an estate proceeding constitutes the practice of law, the respondent's statement to the contrary notwithstanding. Even he agreed that in his 7 or 8 years of practice he had learned a few things in connection with estate proceedings and some of that knowledge "was infused into that" (preparation of the legal documents).
Respondent insists that it was really his uncle that was handling the proceedings and he simply acted as a delivery boy in transmitting the papers to the court in order to save his uncle a trip to Nebraska during extremely bad weather.
Although denying that he accepted any compensation from his uncle in doing the work requested of him, he stated: "The estate hasn't been closed yet. At the time the estate was opened I received $200 from my uncle." The decedent died on March 20, 1983, and therefore that fee would have to have been received during the time respondent was under suspension.
Neb.Rev.Stat. § 7-101 (Reissue 1983) provides in part that
no person shall practice [law] as an attorney... by drawing pleadings or other papers to be signed and filed by a party, in any court of record of this state, unless he has been previously admitted to the bar by order of the Supreme Court of this state. No such paper shall be received or filed in any action or proceeding unless the same bears the endorsement of some admitted attorney, or is drawn, signed, and presented by a party to the action or proceeding.
It should be obvious that one who is suspended from the practice of law is no longer an "admitted attorney."
*141 We believe it is one thing for a lay person to engage in the unauthorized practice of law and thereby subject himself or herself to criminal penalties, and quite another situation where one who has been bound by oath to comply with the Code of Professional Responsibility nevertheless completely ignores the order of this court suspending him from practice.
The result we reach in this case is in accord with that of State ex rel. NSBA v. Thierstein, 218 Neb. 603, 357 N.W.2d 442 (1984), in which an order of disbarment following an act of practicing law during a period of suspension was entered on November 1, 1984.
It is therefore ordered that Larry R. Frank be, and hereby is, disbarred forthwith.
JUDGMENT OF DISBARMENT.